IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-021-MOC-DCK

| | |
|---|---|
| JEFFREY LEE PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| YADKIN COUNTY SHERIFF'S ) | |
| DEPARTMENT, N.C. STATE BUREAU ) | |
| OF INVESTIGATION, FEDERAL ) | |
| BUREAU OF INVESTIGATION, FOOD ) | |
| LION, U.S. ARMEY FORCES ) | |
| COMMAND HEADQUARTERS, ) | |
| AMANDA ZIMMERMAN, NOVANT ) | |
| HEALTH FORSYTH MEDICAL ) | |
| CENTER, SYNERGY RECOVERY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant Food Lion's "Motion To Dismiss The Amended Complaint Or, In The Alternative, Motion For A More Definite Statement" (Document No. 16); "Defendant Amanda Zimmerman, PA-C's Motions To Dismiss Plaintiff's Amended Complaint" (Document No. 26); "Defendant North Carolina State Bureau Of Investigation's Motion To Dismiss" (Document No. 30); "Defendant Novant Health Forsyth Medical Center's Motion To Dismiss" (Document No. 33); "Defendant 'Yadkin County Sheriff's Department's' Motion To Dismiss Pursuant To Rule 12(b)(6)" (Document No. 36); and "Federal Defendants' Motion To Dismiss" (Document No. 44). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions be granted.

# I. BACKGROUND

Jeffrey Lee Price ("Plaintiff" or "Price"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on February 5, 2018. Plaintiff then filed an "Amended Complaint" (Document No. 3) on February 13, 2018. The Amended Complaint names the following Defendants: Federal Bureau of Investigation Charlotte Division, State Bureau of Investigation of North Carolina, Yadkin County Sheriff's Department, U.S. Army Forces Command Headquarters, Novant Health Forsyth Medical Center, Synergy Recovery, Amanda Zimmerman PA-C, and Food Lion. (Document No. 3, pp. 2-4) (all together "Defendants"). The Amended Complaint declines to assert any "Basis for Jurisdiction." (Document No. 3, p. 5-6).

Plaintiff's allegations against Defendants are difficult to comprehend, but seem to address a wide range of purported events in the life of Plaintiff. See (Document No. 3, pp. 6-32). Plaintiff assigns wrongdoing against some or all Defendants under a variety of statutes, including: 18 U.S.C. § 241 Conspiracy against rights; 18 U.S.C. § 48 Animal crush videos; 18 U.S.C. § 1117 Conspiracy to murder; 18 U.S.C. § 2236 Searches without warrant; 18 U.S.C. § 2340A Torture; 42 U.S.C. § 1320d-6 Wrongful disclosure of individually identifiable health information; 28 U.S.C. § 4101 Defamation of character; 21 U.S.C. § 342 Adulterated food; and 18 U.S.C. § 2511 Interception and disclosure of wire, oral, or electronic communications. (Document No. 3, pp. 7-11). Without citing any specific authority, Plaintiff also asserts claims for "malicious injury," "malicious intent," intentional infliction of emotional distress," "malicious conduct," and "conspiracy to link terrorism…." (Document No. 3, p. 10).

The "Amended Complaint" suggests that claims under the above statutes arise from a "sequence of events in the plot" that began with Plaintiff's grandparents in or about 1971. (Document No. 3, p. 6). The events that form the basis for Plaintiff's lawsuit include the following:

an organized killing of family pets between 1989 and 2013; vehicle damage or accidents, and/or attempted murder, in 1999, 2001, 2004, 2006, 2008, and 2012; searches without warrants in 2001, 2008, 2010; chemical assault with intent to cause psychological and physical harm, and/or death in 2016-2017; interference with medical treatment and/or drug testing schedule in 2014-2016; failure to notify regarding neighboring house fire in 2016; defamation of character between 2001-2018; assault with contaminated food from Food Lion; and wiretapping from 2001-2018. (Document No. 3, pp. 7-11).

Defendants' pending motions to dismiss were filed between March 28, 2018 and May 30, 2018. See (Document Nos. 16, 26, 30, 33, 36, 44).[1] Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (2), (3) (4), (5), and (6). While some Defendants cite all or most of these rules, all Defendants cite at least Rule 12(b)(6). Plaintiff has filed responses to the motions, although several of those responses were untimely. See Local Rule 7.1(e). Defendants Food Lion, Yadkin County's Sheriff's Department, and the North Carolina State Bureau of Investigation failed to file reply briefs, or notices of intent not to reply. Id.

The pending motions are now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr. is now appropriate. This review will focus on arguments pursuant to Fed.R.Civ.P. 12(b)(6), since it has been cited by all Defendants, and appears to provide adequate grounds for dismissal of this action.

---

[1] All Defendants except Synergy Recovery of North Wilkesboro, North Carolina have filed motions to dismiss. To date, Synergy Recovery has not appeared in this matter despite being served on or about March 28, 2018. See (Document No. 10). Synergy Recovery is only mentioned three times in the Amended Complaint and none of those references include a sufficient factual content to support a claim against it. See (Document No. 3, pp. 2, 4, 8).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In seeking dismissal pursuant to Rule 12(b)(6), most of the pending motions include a version of the following:

> A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990), citing *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).
>
>> The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.
>
> *Id.*
>
> The Amended Complaint contains a series of rambling, bizarre assertions that bear no logical relation to each other or to any cause of action. Such a pleading fails to give a defendant fair notice of what the claim is and the grounds upon which it rests, and so is subject to dismissal. Even applying the less stringent standard applicable to a *pro se* pleading, the Amended Complaint does not "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).
>
> Because plaintiff's claims lack substance and legal support, the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

(Document No. 27, pp. 7-8). See also (Document No. 31, pp. 5-6; Document No. 34, pp. 13-14; Document No. 37, pp. 3-5; Document No. 44, pp. 5-7).

Plaintiff's responses are not helpful to his case. Rather, the responses provide more rambling, non-sensical statements alleging that all Defendants

> are involved in a conspiracy against Plaintiff's rights and conspiracy to murder, malicious intent, malicious injury, torture, intentional infliction of emotional distress, malicious conduct adulterated food and illegal interception and disclosure of wire, oral, and electronic communication prohibited. Federal Bureau of Investigation and U.S. Army Forces are using drones and other equipment to inflict bodily harm by the transfer of energy through the capacity of the technology aka: shocked by electricity. . . .

(Document No. 47, pp. 41-42; Document No. 49, pp. 1-2; Document No. 50, pp. 1-2; Document No. 51, pp. 1-2). See also (Document No. 39). These responses do not adequately address the myriad of arguments and legal authority presented by Defendants or bring any clarity to his allegations. Id.

The undersigned finds Defendants' 12(b)(6) arguments to be most persuasive. As stated by the Federal Defendants, "[w]hile the incoherence of the Amended Complaint largely prevents it from even conveying conceivable claims, the utter lack of specificity in the Amended Complaint results in the conclusion that the Amended Complaint certainly has not nudged Plaintiff's claims across the line from conceivable to plausible." (Document No. 44, p. 7) (citing Iqbal, 556 U.S. at 680). Moreover, although not discussed in any detail here, Defendants also make multiple compelling arguments for dismissal under other parts of Rule 12(b). For example, most Defendants include an argument that the Court lacks jurisdiction over this matter pursuant to Fed.R.Civ.P. 12(b)(1).

The undersigned has carefully considered the Amended Complaint, the parties' briefs and applicable authority. Based on the foregoing, and particularly Defendants' thorough and well-reasoned briefs, the undersigned will recommend that the motions be granted and that this matter be dismissed. Even applying a less stringent standard, *pro se* Plaintiff has simply failed to state a

6

plausible claim for relief.  See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Here, Plaintiff has not pled factual content to support the far-reaching conspiracy he alleges, or any isolated claims he may be attempting to assert.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant Food Lion's "Motion To Dismiss The Amended Complaint…" (Document No. 16) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant Amanda Zimmerman, PA-C's Motions To Dismiss Plaintiff's Amended Complaint" (Document No. 26) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant North Carolina State Bureau Of Investigation's Motion To Dismiss" (Document No. 30) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant Novant Health Forsyth Medical Center's Motion To Dismiss" (Document No. 33) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant 'Yadkin County Sheriff's Department's' Motion To Dismiss Pursuant To Rule 12(b)(6)" (Document No. 36) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Federal Defendants' Motion To Dismiss" (Document No. 44) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 5, 2018

David C. Keesler
United States Magistrate Judge